IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT BOWLING GREEN)
1:16-cv-132-GNS

ROXANNE M. WALKER     PLAINTIFF
704 Phillips Street
Franklin, Kentucky 42314

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                           421 W. Main St.
                           Frankfort, KY 40601
                           (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Roxanne M. Walker, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's dispute regarding an alleged delinquent credit account.

### II. PARTIES

2. Plaintiff, Roxanne M. Walker, is currently and was at all relevant times a citizen of

the Commonwealth of Kentucky residing at 704 Phillips Street, Franklin, Kentucky 42314.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Simpson County, Kentucky as a result of the Defendants doing business in Simpson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around February 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered a derogatory tradeline furnished by Personal Finance regarding an alleged delinquent credit account.

9. Immediately upon discovery, Plaintiff disputed the Personal Finance tradeline with Equifax.

10. In March 2015, Equifax, despite the presence of the alleged Personal Finance account on Plaintiff's Equifax credit report, informed Plaintiff that the Personal Finance account

wasn't reporting on Plaintiff's Equifax credit report. Accordingly, Equifax failed to investigate Plaintiff's dispute and failed to amend and/or delete its reporting of the Personal Finance tradeline on Plaintiff's Equifax credit report.

11. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradeline.

## V. CLAIMS

### Negligence

12. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradeline, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

14. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

15. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

16. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to properly investigate the disputed item and its consequent failure to delete or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

22. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Roxanne M. Walker, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Roxanne M. Walker, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Roxanne M. Walker

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF SIMPSON           )

Subscribed, sworn to and acknowledged before me by Roxanne M. Walker this \_\_\_ day of _____, 2016.

_____
Notary Public

Commission expires:_____